Pearson, J.
 

 The general rule is, that an action cannot be sustained on a bond taken for the purpose of indemnity, until the party has sustained loss by paying money in consequence of the default of the person against whose acts the indemnity is taken; for, until then, the action may be met by the plea of
 
 non dmxnifioatus.
 
 There are some exceptions to this rule. An absolute and certain liability to pay, will, in many cases, amount to a breach, and fix the measure of damages ; for, in such a case, it is against reason, and against the intention of the parties, that the one shall be obliged actually to pay the money before he call upon the other to save him harmless, and the purpose is not answered if the one is first compelled to make payment. For instance, if an officer takes a bond for the forthcoming of property which has been levied on under an execution, the statute gives the officer a summary remedy by motion, before he has paid the money, because his liability is absolute and certain, and an officer might well hesitate before taking a forthcoming bond, if he was obliged to pay the money in the first instance. This remedy, we suppose, is cumulative, and the officer might have maintained an action at common law for a breach of the bond in failing to deliver the property, as the damages are fixed by the amount of the execution. So, we suppose, if a sheriff appoint a deputy, and take a bond, with sureties, for the faithful discharge of his duty, by the deputy, and there is a breach of duty, whereby the superior is subjected to an absolute and certain liability, he may sue on the bond before he has actually paid the money ; for, such was the intention of the parties, and the purpose for which the bond was given.
 

 The question is, whether the liability of the plaintiff was absolute and certain. By failing- to assign the bail-bond he became liable as special bail, according* to the provisions of the statute; but the plaintiff in the judgment is not obliged to resort to his remedy against the sheriff, as bail. He may is
 
 *146
 
 sue
 
 &fi. fa.
 
 against the goods of the defendant; or, if the defendant is insolvent, (as is stated in this case,) and the plaintiff in the judgment elect to proceed against the sheriff, he must issue a
 
 soi. fa.,
 
 and the plaintiff can discharge himself from all except the costs of the
 
 soi. fa.,
 
 by bringing in the body of the defendant at any time before final judgment, or he may be discharged by the death of the defendant. So, his liability is not absolute and certain until he pays the judgment, or, at least, till a judgment is taken against him.
 
 Barker
 
 v.
 
 Munroe,
 
 4 Dev. 412.
 

 Ve find no authority in point upon our statute; but it seems settled in England, upon the statute of Anne, in respect to the assignment of the bail-bond to the writ, or
 
 “
 
 bail below,” taken by the sheriff, which he is authorised to assign to the plaintiff in the action, if the defendant fails to appear, that if the sheriff does not assign the bond he cannot sue upon it until he has actually paid the debt and costs. Watson on Sheriffs, 81; 2 Saunders’ Rep., Williams’ Note, 61, a. There is no error.
 

 Pee CueiaM. Judgment affirmed.